Beena M. McDonald (State Bar No. 365776)
Steven A. Schwartz *
Holly E. Jones *
**CHIMICLES SCHWARTZ KRINER**
  **& DONALDSON-SMITH LLP**
361 W. Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
bmm@chimicles.com
sas@chimicles.com
hej@chimicles.com

James J. Rosemergy *
**CAREY & DANIS LLC**
8235 Forsyth, Suite 1100
St. Louis, MO 63105
Tel.: 314.725.7700
Fax: 314.721.0905
jrosemergy@careydanis.com

* *Pro Hac Vice* forthcoming

  *Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORES MILLER,<br><br>   Plaintiff, individually and on<br>   behalf of all others similarly situated,<br><br>v.<br><br>GOOGLE, LLC,<br><br>   Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -

CLASS ACTION COMPLAINT

Plaintiff Delores Miller ("Plaintiff"), by and through her undersigned counsel, hereby brings this class action against Defendant Google, LLC ("Defendant" or "Google"), individually and on behalf of all others similarly situated, and alleges upon personal knowledge as to her own acts and experiences, and as to all other matters, upon information and belief, including the investigation conducted by Plaintiff's counsel.

## I.    INTRODUCTION

1.    This action arises out of Google's unauthorized collection, storage, and commercial use of bystanders' facial images and biometric data using its Google Nest security cameras and video doorbells. Through the "Familiar Face Detection" feature, Google Nest devices photograph the faces of every person that passes through the device's field of view. The devices then use artificial intelligence to analyze these facial images and categorize the unknowing subjects as "familiar" or "unfamiliar" to device owners. Google heavily promotes Familiar Face Detection as a primary benefit of its Google Nest devices, driving device sales and subscriptions to Google Home Premium, the premium service required to activate the feature.

2.    Google Nest devices are positioned at the door of residences and businesses in neighborhoods across the United States, collectively capturing the images of millions of people that pass by. Despite depending on their biometric data to operate the Familiar Face Detection feature, Google does not provide notice to passersby that their faces are being photographed and analyzed. Google never seeks their consent and offers no opportunity to opt out.

3.    Google knows that its conduct violates individuals' privacy rights. It strategically offers the Familiar Face Detection feature only where it deems the risk of private enforcement to be manageable. The feature is completely disabled in Illinois, which provides consumers with a private right of action to challenge the unauthorized collection and storage of their biometric data.

4.    Plaintiff is a California resident whose facial image and biometric data Google captured, used, and stored without her knowledge or consent. She brings this action on behalf of herself and all others similarly situated seeking damages, injunctive relief, and all other relief this Court deems just and proper.

CLASS ACTION COMPLAINT

## II.    JURISDICTION AND VENUE

5.    This Court has jurisdiction over this lawsuit under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a proposed class action in which: (1) there are at least 100 class members; (2) the combined claims of class members exceed $5,000,000, exclusive of interest, attorneys' fees, and costs; and (3) Google and one or more Class members are citizens of different states.

6.    The Court has personal jurisdiction over Google because its principal place of business is within this District and it has sufficient minimum contacts in California to render the exercise of jurisdiction by this Court proper and necessary.

7.    Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District, and because Google conducts substantial business and operates its principal place of business in this District.

## III.    THE PARTIES

8.    **Plaintiff Delores Miller** is a citizen of California. In the course of her daily life, she regularly walks through residential neighborhoods, visits the homes of friends and family, and patronizes businesses across California. Numerous homes and businesses along her regular routes have Google Nest doorbells or cameras visibly installed.

9.    Some of the Nest cameras Plaintiff encounters employ Familiar Face Detection. Each time Plaintiff entered the field of view of such a device, Google's AI system captured her image, created a faceprint from her facial geometry, compared it against the familiar face library associated with the camera, and saved it in the Nest camera's library for further review regardless of whether it matched a known face. Because Plaintiff travels the same routes regularly, the same devices would have captured and processed her face on multiple occasions. Google's system—built to recognize returning faces—associates facial geometry across those encounters.

10.    Plaintiff never consented to Google's collection, creation, use, or retention of her facial recognition data. Plaintiff received no notice that her face would be scanned, was provided no opportunity to opt in or out, and had no way to identify each device that scanned her or discover what Google has done with her biometric data. Google, however, holds records and technology sufficient to determine

CLASS ACTION COMPLAINT

whether and where her facial data was captured and stored.

11.    Plaintiff continues to live in, walk through, and visit homes in the same neighborhoods. She has no ability to disable the Familiar Faces feature on her neighbors' cameras. Absent an injunction, she faces a substantial, imminent, and recurring risk that Google will capture, analyze, process, and save her facial geometry again each time she passes a Nest device with Familiar Faces enabled.

12.    Plaintiff has never purchased, registered, or used a Google Nest product or service, created a Google Home or Nest account, or agreed to any terms governing Nest devices or services.

13.    **Defendant Google LLC** is a Delaware limited liability company headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google designs, manufactures, markets, sells, operates, and profits from Google Nest security cameras and doorbells, including the Familiar Face Detection feature. Google processes and manages the facial-recognition data collected by Nest cameras through systems Google designs, operates, and controls.

## IV.    FACTUAL ALLEGATIONS

### A.    Google Nest Familiar Face Detection Collects Biometric Data Without Consent.

14.    Google sells security cameras and smart video doorbells through its Google Nest brand. These devices, which are available for purchase on Google's website and at major retailers nationwide, are installed at millions of homes and businesses, and, as of 2020, accounted for 24% of all video doorbells in use in the United States.[1]

15.    Google Nest cameras and doorbells offer "Familiar Face Detection," a feature that, according to Google, "teach[es] your Google Nest camera to recognize faces of people that you know" and "notif[ies] you if it detects people it doesn't recognize."[2] Google prominently markets Familiar Face

---

[1] *Amazon's Ring Leads Google's Nest As 16% Of US Homes Adopt Video Doorbells: Strategy Analytics*, Business Wire (Feb. 13, 2020, 2:16 PM), https://www.businesswire.com/news/home/20200213005824/en/Amazons-Ring-Leads-Googles-Nest-As-16-Of-US-Homes-Adopt-Video-Doorbells-Strategy-Analytics.

[2] *Learn More About Familiar Face Detection*, Google, https://support.google.com/googlehome/answer/9268625?sjid=2224172640997772935-NC (last visited July 16, 2026).

Detection as a premium feature in its product pages, advertisements, and retail packaging.

16.    When Familiar Face Detection is activated, the device scans every person that appears in its field of view and captures an image of their face. Using a technical process that Google does not disclose, the system analyzes whether that person is a "familiar face" by comparing the captured image to the faces already saved in the device's library and labeled with associated names by the device owner. The feature also uses "additional non-biometric signals (body size, clothing color, etc.)" to identify individuals whose faces are saved in the library when their faces are not clearly visible.[3]

17.    The facial characteristics and identifiers that Google Nest collects and analyzes are highly sensitive, biometric data. Unlike passwords, credit card information, or other sensitive personal data that can be changed, these biometric identifiers are immutable, meaning they can be used to identify, track, and surveil individuals for the rest of their lives.[4]

18.    Although Google markets the feature as recognizing "familiar" faces, Google Nest devices necessarily photograph and analyze the face of every person that passes within the device's field of view. The images and resulting biometric data are then stored in the Familiar Face library for comparison, enabling Google Nest users to view, identify, and categorize photographs of every person that passes by their home or business. Google does not seek or obtain consent to photograph, analyze, and store these individuals' faces.

19.    This indiscriminate scanning of passersby includes children. Google does not implement any system to identify and exclude children from the Familiar Face Detection feature, and it does not obtain parental consent before scanning the faces of minors and saving their images to the Familiar Face library.

---

[3] Stevie Bonifield, *Google Home Will Soon Get Better at Recognizing You*, Verge (June 23, 2026, 6:28 PM), https://www.theverge.com/tech/955385/google-home-familiar-faces-clothing; *What's New in Google Home*, Google, https://support.google.com/googlehome/answer/15962877?hl=en (last visited July 16, 2026).

[4] Jonathan S. Weissman, *Facial Recognition Data is a Key to Your Identity – If Stolen, You Can't Just Change the Locks*, Conversation (Apr. 28, 2026, 8:29 AM), https://theconversation.com/facial-recognition-data-is-a-key-to-your-identity-if-stolen-you-cant-just-change-the-locks-278289.

CLASS ACTION COMPLAINT

20.    Google Nest cameras in the same home share the same Familiar Face library, and all "home members" in the Google Nest app have access to the library. This library-sharing model broadens the scope of the devices' surveillance and, according to Google, "means it won't take as long to recognize certain faces."[5]

21.    Google does not specify how long it retains "unfamiliar" face data. Unlike other smart security devices that automatically delete unnamed faces after 30 days, Google retains unlabeled images for an indefinite or undisclosed period.

22.    Upon information and belief, a substantial portion of Google Nest device owners subscribe to Google Home Premium and have activated the Familiar Face Detection feature. Google tracks but does not disclose the exact number of device owners that use the feature.

**B. Google Knows Familiar Face Detection Violates Individuals' Privacy Rights but Continues to Offer the Feature for its Economic Benefit.**

23.    Google has long known that its collection of biometric data through Familiar Face Detection violates individuals' privacy rights. Google does not offer the feature in Illinois, the jurisdiction where the risk of private enforcement is highest, and recognizes in its warnings to device owners that the feature may not comply with privacy laws elsewhere.

24.    Google disables Familiar Face Detection in Illinois to avoid violating the Illinois Biometric Information Privacy Act, 740 Ill. Comp. Stat. Ann. 14/15, which provides a private right of action. Notably, Illinois is the only state with a biometric privacy statute that provides for a private right of action.

25.    Google does not disable the feature in any other state, but it publicly recognizes that the Familiar Face Detection feature may violate privacy laws in other states. Google instructs device owners to "[u]se familiar face detection in compliance with the law" and that "[d]epending on where you live, you might need to get consent to have your camera help you identify people who visit your home."[6] Google does not acknowledge its own obligation to seek consent from the individuals whose faces its

---

[5] Google, *supra* note 2.

[6] Google, *supra* note 2.

CLASS ACTION COMPLAINT

devices collect.

26.     Google has a history of selectively complying with privacy laws. Despite agreeing to pay $1.375 billion to settle claims, brought by the Texas Attorney General, that Google's products including Nest cameras captured individuals' biometric data without consent, Google continues to offer Familiar Face Detection in Texas and has not modified the feature to obtain consent from passersby or notify that their faces are being photographed, analyzed, and stored.

27.     Google's decision to disable Familiar Face Detection only in the state where it faces the risk of private enforcement demonstrates a knowing, deliberate business decision to collect individuals' biometric data wherever Google calculates that the risk is manageable.

28.     Google derives a substantial economic benefit from Familiar Face Detection. It is a core feature in its Google Nest devices, and driving device sales as well as subscriptions to Google Home Premium. Google may also use the feature to improve its artificial-intelligence offerings through algorithmic training as the Google Nest devices scan, analyze, and store more individuals' faces.

29.     Google's conduct has inflicted, and continues to inflict, concrete, particularized injuries on Plaintiff and the Class members. The collection and use of biometric data without consent is a concrete invasion of a legally protected privacy interest with a close historical analogue in traditionally recognized harms, including intrusion upon seclusion. Google's ongoing creation, retention, and exploitation of immutable biometric identifiers without consent is a substantive invasion of private affairs that causes real, continuing harm.

## CLASS DEFINITIONS AND ALLEGATIONS

30.     Plaintiff brings this lawsuit under Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of a Nationwide Class defined as:

> All persons within the United States whose facial and biometric data have been collected by a Google Nest device without their consent.

31.     In addition, Plaintiff seeks certification of a California Class defined as:

> All persons within the State of California whose facial and biometric data have been collected by a Google Nest device without their consent.

CLASS ACTION COMPLAINT

32.    The above classes are collectively referred to as the Class.

33.    The following persons and entities are excluded from the Class: Google and its officers, directors, employees, subsidiaries, and affiliates; all judges assigned to this case and any members of their immediate families; and the parties' counsel in this litigation.

34.    Plaintiff reserves the right to modify, change, or expand the Class definition, including proposing additional subclasses, based upon discovery and further investigation.

35.    **Numerosity.** Google Nest devices are installed at residences and businesses throughout the United States and capture the faces of every individual that passes within the device's field of view. There are likely millions of Class members widely dispersed throughout the country. Class members are so numerous that joinder is impracticable.

36.    **Typicality.** Plaintiff's claims are typical of the claims of all Class members. Plaintiff, like all Class members, had their biometric data collected by a Google Nest device without their consent.

37.    **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests antagonistic to the interests of other Class members and is committed to vigorously prosecuting this case. Plaintiff has retained competent counsel experienced in the prosecution of consumer protection class actions involving misleading, deceptive, and unfair marketing practices.

38.    **Commonality and Predominance.** Questions of law and fact common to the Class members predominate over questions that may affect only individual Class members, because Google acted on grounds generally applicable to the Class as a whole. Questions of law and fact common to the Class include:

a.    Whether Google collected class members' biometric data without their consent;

b.    Whether Plaintiff and the Class members have a reasonable expectation of privacy over their facial images and biometric data;

c.    Whether Google acted intentionally in violating Plaintiff's and the Class members' privacy rights;

d.    Whether Google's intrusion was highly offensive to a reasonable person;

e.    Whether Google's acts or practices were "unfair" or "unlawful" in violation of the

- 8 -

CLASS ACTION COMPLAINT

California Unfair Competition Law;

      f.     Whether Google's conduct harmed Plaintiff and the Class members;

      g.     Whether injunctive relief should be granted; and

      h.     Whether declaratory relief should be granted.

39.    **Superiority.** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and because of Google's financial resources, Class members are not likely to pursue legal redress individually for the violations detailed in this complaint. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings. By contrast, a class action presents fewer management difficulties, allows claims to be heard which would otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

40.    **Injunctive and Declaratory Relief.** Google has acted on grounds generally applicable to the entire Class, making injunctive and declaratory relief appropriate with respect to the Class as a whole.

## CLAIMS FOR RELIEF

### COUNT I
**Intrusion Upon Seclusion – California Common Law**
*(On Behalf of the Class)*

41.    Plaintiff realleges and incorporates by reference all preceding and succeeding allegations as though fully set forth herein.

42.    Plaintiff and Class members have reasonable expectations of privacy over their image, likeness, and biometric data.

43.    Defendant intentionally intruded into Plaintiff's and the Class's solitude, seclusion, or private affairs by intentionally collecting, analyzing, and storing their image, likeness, and biometric data through the Familiar Face Detection feature on Google Nest security cameras and smart doorbells.

44.    Defendant's intrusion is highly offensive to a reasonable person. Plaintiff and Class members were passersby who did not consent to Defendant collecting, analyzing, and storing their image,

likeness, and biometric data through its Google Nest devices. Biometric data is highly sensitive and immutable private information. Loss of that information can cause irreparable harm because biometric data cannot be changed. Despite knowing that its conduct violated individuals' biometric privacy rights, Google operated the Familiar Face Detection feature for its commercial gain.

45.     As a direct and proximate result of Google's actions, Plaintiff and the Class members were harmed by the intrusion into their private biometric data, including loss of control over their biometric data, invasion of their private affairs, and emotional distress, and they are entitled to actual and punitive damages and injunctive relief.

**COUNT II**
**Invasion of Privacy – California Constitution, Article I, Section 1**
*(On Behalf of the Class)*

46.     Plaintiff realleges and incorporates by reference all preceding and succeeding allegations as though fully set forth herein.

47.     Article I, Section 1 of the California Constitution provides: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." Cal. Const. art. I, § 1. This section guarantees an inalienable right to privacy enforceable against private actors, including for the unauthorized collection and use of sensitive personal information.

48.     Plaintiff and the Class members held a legally protected privacy interest in their image, likeness, and biometric data, and they reasonably expected privacy in that information under the circumstances.

49.     Defendant intentionally intruded on Plaintiff's and the Class members' protected privacy interest by intentionally collecting, analyzing, and storing their image, likeness, and biometric data through the Familiar Face Detection feature on Google Nest security cameras and smart doorbells.

50.     Defendant's intrusion is a serious, significant intrusion into Plaintiff's and the Class members' privacy. Motivated by commercial gain, Google intentionally and covertly captures, uses, and stores the biometric data of passersby, including children, without seeking their consent and without providing an opportunity to opt out.

CLASS ACTION COMPLAINT

51.     No legitimate countervailing interest justifies the intrusion. Device owners' interest in home security can be served without the nonconsensual biometric processing of bystanders, as Google demonstrates by disabling Familiar Face Detection in Illinois.

52.     As a direct and proximate result, Plaintiff and the Class members suffered harm and are entitled to damages and injunctive relief.

## COUNT III
### Violation of California Right of Publicity
### Cal. Civ. Code § 3344
*(On Behalf of the Class)*

53.     Plaintiff realleges and incorporates by reference all preceding and succeeding allegations as though fully set forth herein.

54.     Section 3344 of the California Civil Code provides that "[a]ny person who knowingly uses another's . . . photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of . . . selling, or soliciting purchases of, products, merchandise, goods, or services, without that person's prior consent . . . shall be liable to the injured party or parties in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by them as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages," together with attorney's fees and costs, and the injured party may seek an injunction or temporary restraining order.

55.     Defendant captured Plaintiff's and the Class members' "photograph[s]" or "likeness" through the Google Nest Familiar Face Detection feature by scanning and storing images of their faces. Plaintiff and Class members are "readily identifiable" from the photographs using the naked eye, as evidenced by device owners' ability to label faces as "familiar" or "unfamiliar" based on the photographs.

56.     Plaintiff and the Class members did not consent to their photographs and likeness being captured, either expressly or impliedly by walking past the Google Nest devices, as they received no notice that the devices were capturing and using their facial images.

57.     Defendant used Plaintiff's and the Class members' photographs and likeness for purposes of "selling, or soliciting purchases of, products, merchandise, goods, or services"—Google Nest devices

CLASS ACTION COMPLAINT

and Google Home Premium subscriptions. Defendant markets the Familiar Face Detection feature as a primary benefit of Google Nest devices and the Google Home Premium subscription and uses Plaintiff's and the Class members' photographs and likenesses to power that feature.

58.    Defendant's conduct was knowing and intentional. Defendant deliberately designed Familiar Face Detection to capture and process the image of every individual who enters the camera's view and markets the feature on that ability, promoting it prominently on product pages, in advertisements, and on retail packaging.

59.    No statutory exception applies. Defendant's use of Plaintiff's and the Class members' facial images is not in connection with any news, public affairs, or sports broadcast or account, or any political campaign; any material containing the data is neither commercially sponsored nor contains paid advertising; and this action is not brought against the owners or employees of a medium used for advertising.

60.    As a direct and proximate result of Defendant's violations, Plaintiff and the Class members suffered damages, including invasion of their privacy, commercial appropriation of their facial images and biometric identities, and emotional distress. They are further entitled to profits from the unauthorized use that are attributable to the use and not accounted for in actual damages, as well as attorney's fees and costs.

## COUNT IV
**Violation of California Business and Professions Code § 17200 et seq.**
*(Unlawful and Unfair Business Practices)*
*(On Behalf of the Class)*

61.    Plaintiff realleges and incorporates by reference all preceding and succeeding allegations as though fully set forth herein.

62.    California's Unfair Competition Law ("UCL") prohibits any unlawful, unfair or fraudulent business act or practice. Cal. Bus. & Prof. Code § 17200.

63.    Defendant's conduct is "unlawful" because it violates California Civil Code § 3344, as well as Plaintiff's and the Class members' right to privacy guaranteed by Article I, Section 1 of the California Constitution, and constitutes the tort of intrusion upon seclusion, as alleged above.

CLASS ACTION COMPLAINT

64.     Defendant's conduct is "unfair" because it is immoral and unethical, and because Defendant causes substantial injury that consumers cannot reasonably avoid by collecting bystanders' biometric data without notice and without their consent. This substantial injury to consumers is not outweighed by any countervailing benefits to consumers or competition.

65.     Plaintiff and the Class members lost money or property as a result of Defendant's practices because their biometric identifiers and the likenesses from which they derive are property of value. Defendant took, retained, and commercially used and exploited this property for its own profit without compensation to Plaintiff or the Class members, diminishing their ownership and control of their own property while unjustly enriching Defendant.

66.     Plaintiff and the Class members seek all monetary and non-monetary relief permitted by law, including actual damages, treble damages, injunctive relief, civil penalties, and attorneys' fees and costs under California Code of Civil Procedure §1021.5.

## COUNT V
### Commercial Misappropriation – California Common Law
#### *(On Behalf of the Class)*

67.     Plaintiff realleges and incorporates by reference all preceding and succeeding allegations as though fully set forth herein.

68.     Defendant collected Plaintiff's and the Class members' likeness through facial images through its Google Nest devices. These facial images were unique to and identifiable as Plaintiff and the Class members.

69.     Defendant appropriated Plaintiff's and the Class members' facial images to Defendant's advantage. Defendant used Plaintiff's and the Class members' facial images to operate the Familiar Face Detection feature, which cannot function without scanning every face that passes Google Nest devices' field of view. Defendant sold Google Nest devices and Google Home Premium subscriptions, and derived significant revenue from those sales, by marketing Familiar Face Detection as a primary benefit.

70.     Plaintiff and the Class members did not consent to Defendant taking and using their likeness, either expressly or impliedly by walking past the Google Nest devices, as they received no notice that the devices were capturing and using their facial images.

71. As a direct and proximate result of Google's violations, Plaintiff and Class members have suffered damages, including the invasion of their privacy, the appropriation of their facial images and biometric identities for commercial purposes, the loss of the value of their biometric data, and emotional distress.

**COUNT VI**
**Unjust Enrichment / Quasi-Contract – California Common Law**
*(On Behalf of the Class)*

72. Plaintiff realleges and incorporates by reference all preceding and succeeding allegations as though fully set forth herein.

73. Defendant knowingly received a benefit from Plaintiff and the Class members in the form of the enhanced marketability of, and revenue from, Google Nest devices and Google Home Premium subscriptions through the Familiar Face Detection feature, which relies on Plaintiff's and the Class members' facial images and biometric data that Google collected, processed, and retained without consent or compensation.

74. But for Defendant's unjust and improper use of Plaintiffs' and Class members' data, it would not have been able to use and charge for its Facial Detection Feature.

75. Defendant's retention of this benefit without compensation is unjust because Plaintiff and Class members had no knowledge of and never consented to Defendant collecting and using their highly sensitive biometric data for commercial gain.

76. As a result of Defendant's wrongful conduct as alleged in this Complaint, Defendant has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and Class members.

77. Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein. The monies and benefits conferred upon, received, and enjoyed by Defendant was not conferred officiously or gratuitously, and it would be inequitable, unconscionable, and unjust for Defendant to retain these monies and benefits.

78. Equity and good conscience militate against permitting Defendant to retain the profits and benefits from their wrongful conduct, which should be restored to Plaintiff and Class members.

CLASS ACTION COMPLAINT

79. Plaintiff and Class members lack an adequate remedy at law to recover the damages Defendant received from its wrongful conduct, including to the extent that Plaintiff cannot recover the amounts that Defendant received from its wrongful conduct through their legal claims or it is determined that such a recovery under Plaintiff's legal claims would be less prompt or certain than a recovery pursuant to equitable relief. In such a scenario, Plaintiff and Class members would have an equitable entitlement to recover the amounts Defendant received given that, inter alia, Plaintiff and Class members provided crucial input data for the technology at issue, fairness dictates that Plaintiff and Class members are entitled to the value of that data; and it would be inequitable for Defendant, who obtained the data only by virtue of its systemic, deliberate misconduct alleged herein, to derive revenue from its use.

80. In the alternative to their legal damages, and in the case that legal damages are inadequate to remedy Plaintiff's and Class members' harm, such as because the amount of Defendant's ill-begotten profits, Plaintiff seeks equitable relief, including nonrestitutionary disgorgement of Defendant's profits in an amount to be determined at trial.

## PRAYER FOR RELIEF

81. WHEREFORE, Plaintiff, individually and on behalf of members of the Class, respectfully request that the Court certify the proposed Class, designate Plaintiff as Class representative, appoint the undersigned as Class Counsel, and enter an Order providing for the following:

a. An order certifying the Class and appointing Plaintiff as class representative and their counsel as class counsel;

b. A declaration that Google's conduct as alleged herein is unlawful;

c. Injunctive relief, including Orders that Google cease and correct its unlawful conduct relating to its collection and use of Plaintiff's and the Class members' biometric data for commercial gain through the Google Nest Familiar Face Detection feature;

d. Compensatory damages in an amount to be proven at trial;

e. Other costs, restitution, damages, including punitive damages, penalties, and disgorgement in an amount to be determined at trial;

f. An Order requiring Google to pay both pre- and post- judgment interest on any amounts awarded;

CLASS ACTION COMPLAINT

g.    An award for reasonable attorneys' fees and costs as permitted by law; and

h.    An Order entering such other relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

82.    Plaintiff hereby demands a trial by jury for all claims so triable.

Dated: July 17, 2026                    Respectfully submitted,

*By:  Beena M. McDonald*
Beena M. McDonald (State Bar No. 365776)
Steven A. Schwartz *
**CHIMICLES SCHWARTZ KRINER
  & DONALDSON-SMITH LLP**
361 W. Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
bmm@chimicles.com
sas@chimicles.com

James J. Rosemergy *
**CAREY & DANIS LLC**
8235 Forsyth, Suite 1100
St. Louis, MO 63105
Tel.: 314.725.7700
Fax: 314.721.0905
jrosemergy@careydanis.com

* *Pro Hac Vice* forthcoming

*Counsel for Plaintiff and the Class*

CLASS ACTION COMPLAINT